TRANSCRIPT  Good morning, and may it please the Court. I would like to address three issues, due process, fair process, and the harmless error issue that the government raised in its brief. Now, starting with due process, in the decision under review, the Veterans Court decided that a due process challenge based on a deficient notice requires evidence of detrimental reliance on the notice. The Court then decided that the record here contains no evidence of detrimental reliance, but the record here does contain some evidence of detrimental reliance. The government, in its brief, admitted that the record contains conflicting evidence of detrimental reliance. As evidence of detrimental reliance, the record before the Veterans Court included Ms. Jernigan's October 2006 appeal to the Board, and in explaining to the Board why she thought the VA decided her case incorrectly, she said that the outcome would have been manifestly different if the VA had notified her, or at least correctly notified her, of the one-year limit on the notice. Was the issue, was a specific issue, detrimental reliance before the Board? I don't believe it was expressly argued, but we maintain that the facts regarding detrimental reliance were in the record before the Board, and the Veterans Court's scope of review statute, 7261, in subsection B, requires that the Veterans Court review the record before the Board. Can you help me on something? I was working hard to figure out whether the government was right here in saying that the Sanders-clarified 7262, I think, prejudicial error analysis, was incorrect. It was something that allowed the Veterans Court here to make its own determination of detrimental reliance, and I was uncertain whether that was true. I guess the more that I read, the more it seemed to me to be right that, in fact, we have reversed the Veterans Court in the Lechick case when it said, oh, no, no, no, this is a kind of factual question. That is when the Veterans Court said, this is a kind of factual question. The Board really ought to do it. We reversed and said, no, no, that's defaulting on your obligation to make this determination. Why is that not what the Veterans Court did here? With regard to the Supreme Court's decision in Shinseki v. Sanders, that just overturned this Court's framework for dealing with errors under Section 51038. I don't believe that the Supreme Court in Sanders authorized the Veterans Court to make factual findings in a Veterans case. What it did say in overturning this Court's presumptions regarding Type I, Type II, and Type III errors… There was something undoubtedly appealing about the notion that this is very factual and the Board is really the fact finder. That's what the Veterans Court said in Lechick following Newhouse, I guess. This Court reversed and said you cannot simply send this matter back to the Board. You have to determine whether, had the notice been proper, the claimant would have behaved any differently. With regard to Lechick, I think what this Court did in Lechick was decide that the Veterans Court didn't conduct a harmless error analysis, but should have. But in conducting the harmless error analysis, we maintain that the Veterans Court doesn't have the power to make factual findings. The Scope of Review Statute 7261 in subsection C prohibits trial de novo of factual findings. In our view, the Veterans Court doesn't have the power to make factual findings. On the facts of this case, we maintain that the government makes an incorrect argument that what the Veterans Court did was make a factual finding here. That Ms. Jernigan did not rely to her detriment on the VA's August 1995 letter. What the Veterans Court did was say that there's no evidence in the record of detrimental reliance, and we maintain that the Veterans Court overlooks some evidence. When the Veterans Court said that there was no evidence of detrimental reliance, it's kind of like ruling in favor of an accused infringer on summary judgment because the record doesn't include evidence of a particular claim element. Isn't your better argument that the Veterans Court should not have made a detrimental reliance finding because that's a factual finding in the first instance that it's prohibited to do? Well, that's a good argument, Your Honor, but I think if you look at the court's opinion and the record, it said that there was no evidence of any detrimental reliance here. We maintain it appears to have reached a legal conclusion, and based on the absence of evidence, it considered evidence of detrimental reliance as an essential element of a due process challenge. And so when it was decided that there was no evidence of detrimental reliance, the Veterans Court rejected Ms. Jernigan's due process challenge. So how does it fit? This Veteran says that if she knew she had one year, she wouldn't have taken six years. So how does that help on your theory? Well, okay, if we prevail on the due process challenge, then this court should vacate and remand with an instruction to remand to the board so that the board can consider any evidence of detrimental reliance that's already in the record plus any additional evidence that Ms. Jernigan can submit. And so the board will say on any theory six years is too long, then how does that help you? Well, I'm sorry, Your Honor, I'm not sure I can agree with an assumption underlying your question. I don't know that the board has the ability to say, no, you waited too long. What the board would be doing on remand would be evaluating the facts relating to the due process challenge. I would have thought that in order to prevail, you need a ruling that as a matter of law, since the statute can be read as misleading, the application must be deemed retroactive. That as a matter of law, it sufficed. I'm sorry, Your Honor. You're seeking a remand to do it over, right? Yes and no. Okay, so on the statutory interpretation issue, if we prevail on the statutory interpretation issue, we believe that what this court should do would be to reverse and remand with a requirement that the VA pay benefits relating back to 1995. That's on the statutory interpretation issue. With regard to the due process issue. Well, that's all you need, is that right? Yes, if we prevail on that issue. If we don't prevail on that issue, then the court needs to consider the due process issue and the fair process issue. If we prevail on either of those issues, what this court should do would be to vacate and direct the Veterans Court to remand to the board so that the board can make factual findings regarding whether there was or wasn't detrimental reliance on the VA's August 1995 letter. Isn't your argument on fair process that your client was denied the opportunity to respond to detrimental reliance findings or any type of argument against her on detrimental reliance before the board? No, not before the board, Your Honor. Explain how you're tying in fair process and due process to the argument that you've made this morning. The due process argument is conceptually distinct from the fair process argument. The fair process argument is that before this case, the Veterans Court didn't impose a requirement for detrimental reliance on a deficient notice with regard to the VA's August 1995 letter. In this case, the Veterans Court made detrimental reliance on a deficient notice part of a fair process challenge. Because the Veterans Court imposed a new requirement here in this case, it should have given Ms. Jernigan an opportunity to submit evidence in response to that new requirement. Under fair process principles articulated by the Veterans Court in cases starting with Thurber v. Brown, when the Veterans Court imposed that new requirement, it should have given the Veteran the opportunity to try to address that new requirement. Do I understand right that while your brief to the Veterans Court had a heading that said due process and fair process, it didn't in fact cite any of the Thurber line of cases that elaborates the so-called fair process doctrine? I believe my recollection is that the brief did cite Elyse Thurber. Okay. And can I also ask you, the regulatory issues, Section 3.110B, you did not argue to either the board or the Veterans Court that all considerations of due process, fair process aside, that the one-year clock on submitting the formal application after the August 1995 letter simply never began to run under 110B. Is that right? Yes, Section 3.110B. We didn't, in our briefs, point to Section 3.110B as an independent reason why the effective date of Ms. Jernigan's claim should relate back to 1995. Well, we pointed out Section 3.110B with regard to the government's argument or the Veterans Court's position that the presumption of knowledge about the law should bar an earlier effective date. So both Chief Judge Castle and Judge Bartley, in dissenting from the denial of full court review, pointed to Section 3.110B. And so 3.110B, if you're evaluating the presumption of knowledge about the law, because it states that the time for an action doesn't start until the VA notifies the Veteran of the action required in time for it, then if you're assuming the Veteran had that knowledge, then that would be one reason why the effective date could relate back to 1995. Can I just clarify? The government says Ms. Jernigan did not raise this argument in her brief to the Veterans Court, this argument here being the use that you make of 3.110B as a kind of check on the due process argument, not as an independent thing. Is that correct, that in the Veterans Court you didn't rely on 3.110B even in this due process framework? Yes, Your Honor, but the reason is because, did you say the Board or the Veterans Court? Veterans Court. Right. In the Veterans Court we didn't make this argument, but the Board in reaching its effective date decision did not rely on the presumption of knowledge about the law. It was the first mention of the presumption of knowledge about the law within the Veterans Court's decision, so when we appealed that decision, that was our first opportunity to make an argument in context that would make sense about Section 110B and the presumption of knowledge about the law. I see I'm out of time here. Let's hear from the government. Thank you, Mr. Austin. Thank you, Your Honor. May it please the Court. This Court should affirm the Veterans Court decision affirming the Board's denial of an effective date earlier than October 31, 2001. First, 38 CFR Section 3.155A precludes buying of itself an earlier effective date. Ms. Jernigan failed to raise this issue before the Court. That alone is reason to affirm the Veterans Court decision, but even assuming she had raised the issue of Section 3.155A, there is absolutely no question that 3.155A indicates that the decision of the Veterans Court was correct. Counsel, when I first reviewed this case, I was taken aback. I've sat on this Court and I've ruled against Veterans time and time again for their failure to follow instruction, their failure to read letters that are sent to them. These are by blind Veterans sometimes, and I've always upheld the government in those type of situations, even denying, for example, cases where a Veteran says, I did not understand what they were telling me, and we hold their feet to the fire, so to speak. Here's a notice that's given to the Veteran. It's got a box tick. The first sentence says, Please note the paragraphs checked below. Ignore any paragraph not checked. And the box that is checked, it says, Enclosed form should be completed and returned to the office so that further action can be taken on your claim. The Veteran did just that. Well, the Veteran didn't do what was expressed in the notice. You're upset because a Veteran took six years to file a claim. Well, I'm not upset by it. But you have to inform the Veteran in order for them to follow what the Secretary... There is a special exception from the rule that the effective date begins with the filing of the formal claim. And that is that in certain circumstances, there can be what is called an informal claim, and that that can constitute an earlier effective date. But the Secretary is free to set the circumstances under which that informal claim can serve to be an earlier effective date. In this case, the Secretary has said that it can serve to be the earlier effective date if you file the formal claim within one year of when the VA sends to the Veteran notice that they have to file a formal claim and encloses the claim. That's exactly what happened in this case. How can the VA possibly justify that on that page that was mentioned, the other boxes, the first box says one year. The fourth box says 30 days. The second box is silent, and the third is not relevant. So here there is direct information as to the time during which various steps must be taken in response to an instruction from the VA. How can this be justified? You're telling us, well, you have to read one year into this because all the Veteran has to do is to go to the Federal Register or pull out the regulations, work his or her way through them, and figure out that this, too, should have said one year, but it was silent. Has this been repaired since this case? Your Honor, there's a number of questions that are subsumed within Your Honor's question. The first question is what was the duty of the government to inform? The Veterans Court expressly said it did not have to decide that issue, and it did not reach the issue as to whether or not proper notice was given. So you have to look at it from that perspective. That goes to the due process issue, the fair process issue, and whether there was proper notice given. And the Veterans Court said let's look first at detrimental reliance. The Veterans Court was correct in doing that. Okay, I see you're not going to answer my question. Well, I saw a number of questions within your question. Let me follow up on Judge Newman's question. Is this notice a proper notice or is it a deficient notice? Well, Veterans Court never reached that question. I think there is a very reasonable argument that could be made that there's something lacking in this notice. There's no question about that. However, so the Veterans Administration submitted a deficient notice or a notice in which there's something lacking. Well, it's arguably not what the VA intended. It's arguably the VA intended to indicate the one year. However, that's not dispositive of the case for a number of reasons. The two applicable provisions here are 38 CFR Section 3.155A and 38 USC Section 5103a, as we argued in the last case. You're trying to lead away from the very fundamental question here. No, I'm not, Your Honor. I'm really not. I mean, you're not answering the question. I am answering the question because the implications of that are that in both the regulation and the statute, the VA set forth what is required for them to apply. And it said what is required is that you have to notify the claimant or the Veteran of the fact that she has to file a formal claim and arguably enclose the claim with it. That was met in this case. There's no requirement in the regulation or the statute that you also inform her of the time limit. But you did inform her of a time limit. Well, we didn't check the correct box. That's correct. Well, now, wait a minute. That's your view. In the eyes of the Veteran, how does a Veteran know whether you were correct or not? You checked the box, and she got the box, and there's no time limit there. Your Honor, that's a very fair question, and the way the Veterans Court dealt with that is by putting aside that question and saying in order for there to be a violation of due process or fair process or the duty to notify, let's assume for the sake of argument that was. We go to the question of detrimental reliance. And the problem for Ms. Jernigan here is that the Veterans Court found as a matter of fact that there was no detrimental reliance. Now, why did they find that? Again, this Court doesn't have jurisdiction to go into the facts, but you need to understand what happened here. Was the issue of detrimental reliance before the Board in the first instance? It wasn't, Your Honor, but the reason it wasn't is because in ten different places in this record, A-64, A-100, A-101, A-106, 107, 108, 129, and 131, what Ms. Jernigan told the Board was I never received the August 1995 letter from the VA advising me that I had to file a new claim. So she couldn't have it both ways. She couldn't say I never received the notice, but on the other hand, if I did receive the notice, I was misled by it. And that's the basis for the finding of detrimental reliance. The regulation and the statute said that those time limits do not begin to run unless the VA sends the notice to the Veteran. So the argument was I never got the notice. Now, if that argument had been accepted, if the Board had found as a finding of fact that she never received the August 1995 letter which told her she needed to file the claim, then absolutely she would be correct in saying that she's entitled to the earlier effective date. How do we know that? We know that from the Veterans Court case in Quarles, for example, where that's exactly what happened. And then the time doesn't begin to run. But under the statute, under 5103a and the regulation 38 CFR section 3.155a, all the VA is required to do is to send the notice and to arguably include with that the form. That was done in this case according to the Board. Therefore, the statutory and regulatory requirements are met. So they lose under both of those arguments. Their comeback is, well, this is still a violation of due process because there was misleading notice. But that is not correct because of 38 U.S.C. section 7261, which says that the Veterans Court is required to take into account the harmless error doctrine, whether there's prejudicial error. The Veterans Court did its duty, as Your Honor pointed out, under Malaychik, under Conway, under Newhouse, under all those cases, the Court said you have to take that into account. The Veterans Court did what it was supposed to do. And this Court also said... Can I ask you just to switch topics a little bit? Putting aside what may well be dispositive, namely waiver, that's the 3.110b, why does that provision not squarely control here? It doesn't control for, well, putting aside that it wasn't raised at any time before the Veterans Court, and as counsel correctly said, they don't even argue it as a primary defense. There's two reasons it doesn't apply, Your Honor. First of all, the legislative history, which we've outlined briefly in our brief. And I read it, and it seems to me that's more supportive of their side than your side. What happened was that in 1988, the agency proposed a pair of interlocking provisions, 3.109b and 3.110b. 310 already existed, Your Honor. Not b didn't. The proposal says a new subsection, 3.110b. And it paired that with 303.109b. And it said, in terms, if claimants are not furnished notice of the time limits within which they're required to act, it is unreasonable to penalize them for failing to act within those time limits. And then in 1990, it left the proposed 110b language unchanged, enacted that as a rule, and modified the 3.110b. And I don't fully understand, but whatever else is in there, it does not say, we don't think that 110b means what it says. It has something else to do, and it reiterated that ineffective notice is tantamount to no notice, and the failure to provide notice to a claimant would clearly be good cause for extending the time limit. I understand there is no application for good cause, but all of that, the language and that legislative history, or regulatory history, tends to suggest that when 110b says the clock doesn't start until you get a notice that does two things, tell you what to do and when you have to do it, this clock didn't start. Well, respectfully, Your Honor, there's another part to that legislative history that's very important. Up until 1980, 3.109b expressly provided that notice is not given, does not toll any of the time, notice of the time limit from when a claimant must act does not toll any of these time limits. And then when the VCA was going to be passed, there was a proposal to amend 3.109b to say exactly the opposite, that in all cases where notice of the time limit is not given, then that would toll the provision. That provision was rejected, and that's the key. It was rejected, and it's not dead. I'm not sure why that's the key, because the 110b addition was proposed and then adopted without change, and the explanation for not adopting the 1988 proposed version of 109b doesn't say, as far as I can tell, there is simply no explanation. Well, what it says is it outlines the procedure that's supposed to apply, and specifically the clear inference from that is it's not automatically a toll. It gives you a specific procedure to apply, and that is when you miss a deadline, i.e., in this case, when you miss the one-year effective date deadline, and when you then file your claim six years later, you need to file with that claim an application saying that I should be excused, and then when you give your reason, if it is good cause, then it can be excused. There's a procedure for excusing it. She didn't file the application within the six years, and in this case, even if she had, there wasn't an excuse because her defense was not that I was misled by the misleading information, but rather that I never received the notice, which would be a good defense. If she never received the notice, it never began to run. But that was what her claim was, and she never filed the application at the beginning. I want to ask you, as a matter of practice, since 1990, when this 110B took this form, anyway, it's been around at least since then, are there decisions that would be different if 110B meant what, on its face, it appears to mean? I don't think so, Your Honor, and the reason it rarely comes up is there are exceptions that are within the regulations itself on the informal claim rule. For example, in 3.154 and 3.157, if there's an 1151 case, for example, Your Honor is familiar with that, but that's not a case that arises out of service, but instead when you're treated for a service-connected injury, as long as you have the medical records, that is enough. That informal claim would serve as a formal claim. Under 3.157, if you already have an existing service-connected injury, you're treated at a VA facility, and your facility and your injury increases in disability, that automatically serves as a formal claim without filing a formal claim. So the VA is entitled to, I believe, set forth the circumstances in which an informal claim can constitute an earlier effective date. In this circumstance, it's said, we will only allow you an earlier effective date if you file a formal claim within one year of when the VA advises you that you need to file the formal claim and gives you the form. There's nothing in the regulation which sets forth that they have to provide information concerning the specific time limit. You made several arguments that the Veterans Court stated that the error was harmless. Yes. And I don't see that in the decision of the Veterans Court. I do see that the Veterans Court said that the record lacked evidence of detrimental reliance. That's right. Not that the record showed that the error was harmless. Well, detrimental reliance is a finding that it wasn't harmless because it's saying that even if the notice itself was potentially misleading, it didn't mislead this particular claimant because she didn't rely on it. Perhaps from that perspective, but from the perspective of the Veteran, the Veteran appears to me was not given the opportunity to respond to a detrimental reliance argument or a standard detrimental reliance. Because she couldn't, Your Honor. Her argument was, I never saw the notice. I never got it. And I don't doubt that she may perhaps believe that she got it. She admitted that she did see it. Only after the board made a finding, a fact, that she did receive the notice, then her argument switched to, well, if I did receive the notice, then I relied on it to my detriment. But the Veterans Court did not find that persuasive because the board made a finding that she did receive the notice. And that was what was dispositive in this case. Can I just clarify? I think I understand, but let me see if I do. The question of detrimental reliance was or was not briefed to the Veterans Court from the beginning of the Veterans Court proceeding? Only peripherally, Your Honor, it wasn't the focus because the Veterans argument was not, I received this notice, it was misleading, and it misled me and caused me to not take action for six years. Her argument instead was, I never received the notice. I'm sorry, still in the Veterans Court. That was her argument? That's right. And I've given you the ten different sites before, oh, I'm sorry, this is before the board. I apologize, I misunderstood that. No, before the Veterans Court, that argument was clearly up before the Veterans Court. Yeah, the argument that I, the notice that I received was misleading, and therefore, I relied on it to my detriment. And the Veterans Court concluded that you didn't rely on it to your detriment because of the doctrine of harmless error. Okay. Thank you, Mr. Austin. Thank you. Mr. Amundson, you have the last word. Oh, thank you, Your Honor. With regard to one point, with regard to the argument regarding 38 CFR section 3.155A, now that regulation doesn't expressly preclude benefits if the claimant doesn't return the formal application within one year. In dissenting from the denial of full court review, Chief Judge Castle recognized that that regulation doesn't specify the consequences if the veteran doesn't return the application form within one year. Under that regulation, a penalty other than a bar to an earlier effective date could apply. That penalty could be a later position in the processing queue for claims. That later position could result in a delay in awarding benefit payments, and a delay in awarding benefit payments would prejudice a claimant because the VA doesn't have to pay interest on benefit award. So that's it. Thank you. Thank you both. The case is taken under submission. That concludes this morning's argument.